IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE DAVID CARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. COX,<br><br>　　　　Defendant. | No.  2:20-CV-1322-KJM-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion, ECF No. 18, for a stay of proceedings.

　　　　This action proceeds on Plaintiff's original complaint alleging excessive force by Defendant Cox, a correctional officer, arising from an incident at High Desert State Prison on August 29, 2019.  See ECF No. 1.  The Court has determined the matter appropriate for service, see ECF No. 10, and Defendant has fled an answer, see ECF No. 19.  In his motion for a stay of proceedings, Defendant advises the Court that Plaintiff is currently being prosecuted in the Lassen County Superior Court on criminal charges of battery on a peace officer stemming from the August 29, 2019, incident.  See ECF No. 18-3, ps. 7-10.  Defendant seeks a stay of the current action pending resolution of the criminal action in state court, arguing that the current action will be barred if Plaintiff is convicted.  See ECF No. 18.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of a criminal conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994).  As Defendant notes, Plaintiff's conviction in the Lassen County Superior Court criminal action would require a finding that the level of force used by Cox was warranted by Plaintiff's conduct.  See Cunningham v. Gates, 312 F.3d 1148, 1154-55 (9th Cir. 2002, as amended Jan. 14, 2003), cert. denied, 538 U.S. 960 (2003).  Success on the merits of this case, in which Plaintiff alleges excessive force, would necessarily invalidate any findings resulting in conviction in the state court criminal action.  See id.  Thus, if Plaintiff is convicted, the current action would be barred under Heck.

Given the pendency of the state court criminal action arising from the same incident giving rise to Plaintiff's civil rights claim, the Court finds a stay of proceedings is appropriate until the state court criminal action is resolved.  See Wallace v. Kato, 127 S.Ct. 1091 (2007); Younger v. Harris, 401 U.S. 37 (1971).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's unopposed motion for a stay of proceedings, ECF No. 18, is granted;

2. This action is stayed pending completion of criminal proceedings in the Lassen County Superior Court, case no. CC037548; and

3. Defendant shall file a report advising the Court of the status of the referenced state court action within 60 days of the date of this order, and every 60 days thereafter, until the state court action is concluded.

Dated:  August 18, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE