IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE DAVID CARTER,<br><br>    Plaintiff,<br><br>    v.<br><br>B. COX,<br><br>    Defendant. | No. 2:20-CV-1322-KJM-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.

      On August 19, 2021, the Court issued an order staying this action pending resolution of related criminal proceedings in state Court. See ECF No. 20. The Court directed the Defendant to file periodic reports on the status of state court proceedings. See id. Defendant submitted status reports through December 2022. See ECF Nos. 21, 23-29. On January 24, 2023, Defendant filed a motion for involuntary dismissal based on mail being returned and Plaintiff's failure to file a notice of change of address with the Court. See ECF No. 31. On February 21, 2023, mail sent by the Court was returned as undeliverable. After Plaintiff failed to timely file a notice of change of address, the Court issued findings and recommendations on June 6, 2023, that Defendant's motion to dismiss be granted and that this action be dismissed for lack of prosecution and failure to comply with court rules and orders. See ECF No. 35.

1    On August 18, 2023, the District Judge issued an order declining to adopt the June 6, 2023, findings and recommendations. See ECF No. 36. The District Judge's concerns were twofold. First, at the time the findings and recommendations were issued, the stay of proceedings was in place. See id. Second, the District Judge noted that Defendant had reported in his status reports that proceedings were ongoing in state court and that Defendant should be able to ascertain Plaintiff's current address. See id. The matter was referred back to the undersigned for further proceedings consistent with the District Judge's order. See id.

On January 23, 2024, the Court issued an order striking Defendant's motion to dismiss as having been improperly filed during a stay of proceedings. See ECF No. 37. The Court also directed Defendant to make best efforts to determine Plaintiff's current address through information available in state court. See id. This order was also returned as undeliverable to Plaintiff. On March 11, 2024, Defendant filed a response to the January 23, 2024, order. See ECF No. 38. Defendant reports that state court criminal proceedings were concluded by way of the government's request for dismissal in the interest of justice. See id. Defendant also reports that Plaintiff was represented by counsel in state court proceedings and that counsel advised that Plaintiff has been paroled and that he does not know Plaintiff's current address. See id. Defendant has also been unable to determine Plaintiff's current address despite inquiries made to the former prison, California Department of Corrections and Rehabilitation, and the Parole Board. See id.

Good cause appearing therefor, the Court will lift the stay of proceedings and recommend that this action be dismissed without prejudice for failure to inform the Court of his current address as required under the local rules.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52,

53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to inform the district court and parties of a change of address pursuant to local rules.  See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

Having considered these factors, and in light of Plaintiff's failure to submit a notice of change of address, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the stay of proceedings imposed on August 19, 2021, is LIFTED.

2. It is RECOMMENDED that this action be DISMISSED, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE